IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01182-BNB

ALLEN RUSSEL,

    Plaintiff,

v.

FINANCIAL CAPITAL EQUITIES AND LIABLE OFFICERS, OWNERS AND
    EMPLOYEES THEREOF, INCLUDING,
MR. JACK SILVER, Individually,
MR. THOMAS LUTES, Individually,
FINANCIAL CAPITAL COMPANIES, FINANCIAL CAPITAL MORTGAGE INC.,
    LIABLE OFFICERS, OWNERS, EMPLOYEES THEREOF,
THE LAW FIRM OF ROTHGERBER JOHNSON & LYONS, LLP AND LIABLE
    OFFICERS, OWNERS AND EMPLOYEES THEREOF, INCLUDING,
MR. BEN M. OCHOA, Individually,
MS. JACLYN K. CASEY, Individually,
MR. STEPHEN T. JOHNSON, Individually,
GUARANTY BANK AND TRUST COMPANY LIABLE OFFICERS, OWNERS,
    EMPLOYEES THEREOF, INCLUDING,
ZSOLT K. BESSKO, Individually,
KATHLEEN J. BUSBY, Individually,
DENVER PUBLIC TRUSTEE, LIABLE OFFICERS, OWNERS, EMPLOYEES
    THEREOF, INCLUDING,
MRS. STEPHANIE Y. O'MALLEY, Individually
HALAX-WOOD, LLC, AND LIABLE OFFICERS, OWNERS AND EMPLOYEES
    THEREOF, INCLUDING,
MR. BILLY HALAX, Individually
MR. MARK SPOONE, Individually,
SAMUELSON INVESTMENTS, LLC AND LIABLE OFFICERS, OWNERS AND
    EMPLOYEES THEREOF,
CHIEF JUDGE LARRY NAVES, Individually,
HON. JUDGE R. MICHAEL MULLINS, Individually,
MAGISTRATE JEFFRY ENGLISH, Individually,
MAGISTRATE DIANE JOHNSON DUPREE, Individually, and
THE STATE OF COLORADO,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL - 8 2008

GREGORY C. LANGHAM
    CLERK

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff Allen Russel has filed a *pro se* Complaint. The Court must construe the Complaint liberally because Mr. Russel is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Russel will be ordered to file an Amended Complaint.

The Court has reviewed the Complaint and has determined that it is deficient because the Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple,

concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.

Mr. Russel's claims are prolix and repetitive and are not set forth in a simple and concise manner. The Court also finds that Mr. Russel was instructed to assert his claims on a Court-approved form used by *pro se* litigants. Rather than complying with the Court's June 5, 2008, Order, he has submitted a Complaint that does not include all the information required and is not in keeping with Rule 8.

On Page Two of the Complaint, Mr. Russel asserts jurisdiction pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 2284. On Page Three of the Complaint, Mr. Russel also asserts jurisdiction under 42 U.S.C. § 1981. Plaintiff also appears to assert claims under 15 U.S.C. § 1692(a). Mr. Russel's reliance on § 2284 is misplaced for purposes of jurisdiction. As for the other cited statutes, Mr. Russel is directed to list all federal statutes that he is relying on for the basis of his claims under the "Jurisdiction" section of the Court-approved form.

Mr. Russel also must assert each Defendant's personal participation in the alleged constitutional violations. Personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, a plaintiff must show that each defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A named defendant may not be held

3

liable merely because of his or her supervisory position. *See **Pembaur v. City of Cincinnati**,* 475 U.S. 469, 479 (1986); ***McKee v. Heggy***, 703 F.2d 479, 483 (10th Cir. 1983). Mr. Russel must assert what each named Defendant did to violate his constitutional rights and how each individual acted under color of state law if he relies on §§ 1981 and 1983 as the basis for his claims. Plaintiff also must provide the mailing address for each named Defendant under the "Parties" section of the Court-approved form.

A decision to dismiss a pleading pursuant to Rule 8 is within the trial court's sound discretion. *See **Atkins v. Northwest Airlines, Inc.**,* 967 F.2d 1197, 1203 (8th Cir. 1992); ***Gillibeau v. City of Richmond***, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the Complaint does not meet the requirements of Fed. R. Civ. P. 8(a) and that Mr. Russel should be given an opportunity to file an Amended Complaint. In order for Plaintiff to state a claim in this Court, he must state with specificity what each named Defendant did to him, when they did it, how their action harmed him, and what specific legal right they violated. ***Nasious v. Two Unknown B.I.C.E. Agents***, 492 F.3d 1158, 1163 (10th Cir. 2007). Mr. Russel also must submit his claims on a Court-approved form and present the claims in keeping with Rule 8. Accordingly, it is

ORDERED that Mr. Russel file, **within thirty days from the date of this Order,** an Amended Complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Russel, together with a copy of this Order, two copies of a current Court-approved Complaint form. It is

4

FURTHER ORDERED that if Mr. Russel fails within the time allowed to file an Amended Complaint that complies with this Order to the Court's satisfaction the action will be dismissed without further notice.

DATED at Denver, Colorado, this 7th day of July, 2008.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01182-BNB

Allen Russel
PO Box 13158
Denver, CO 80201

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Complaint form** to the above-named individuals on 7/8/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk