IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT -6 2008

GREGORY C. LANGHAM
CLERK

Civil Action No. 08-cv-01182-BNB

ALLEN RUSSELL,[1]

　　Plaintiff,

v.

FINANCIAL CAPITAL COMPANIES, FINANCIAL CAPITAL MORTGAGE, INC.,
　　LIABLE OFFICERS, OWNERS, EMPLOYEES THEREOF, INCLUDING
　　MR. JACK SILVER AND MR. THOMAS LUTES,
THE LAW FIRM OF ROTHGERBER JOHNSON & LYONS, LLP AND LIABLE
　　OFFICERS, OWNERS AND EMPLOYEES THEREOF, INCLUDING,
　　MR. BEN M. OCHOA,
　　MS. JACLYN K. CASEY,
　　MR. STEPHEN T. JOHNSON,
GUARANTY BANK AND TRUST COMPANY LIABLE OFFICERS,
　　OWNERS, EMPLOYEES THEREOF INCLUDING
　　MR. ZSOLT K. BESSKO AND
　　MRS. KATHLEEN J. BUSBY,
DENVER PUBLIC TRUSTEE, LIABLE OFFICERS, OWNERS, EMPLOYEES,
　　THEREOF, INCLUDING
　　MRS. STEPHANIE Y. O'MALLEY,
HALAX-WOOD, LLC, AND LIABLE OFFICERS, OWNERS AND EMPLOYEES
　　THEREOF, INCLUDING,
　　MR. BILLY HALAX,
　　MR. MARK SPOONE,
SAMUELSON INVESTMENTS, LLC AND LIABLE OFFICERS, OWNERS AND
　　EMPLOYEES THEREOF,
MR. THOMAS LUTES, Individually,
FINANCIAL CAPITAL COMPANIES, FINANCIAL CAPITAL MORTGAGE INC.,
　　LIABLE OFFICERS, OWNERS, EMPLOYEES THEREOF,
THE STATE OF COLORADO AND LIABLE OFFICERS, OWNERS AND EMPLOYEES
　　THEREOF, INCLUDING
　　CHIEF JUDGE LARRY NAVES,
　　HON JUDGE R. MICHAEL MULLINS,
　　MAGISTRATE JEFFRY ENGLISH, and

---

[1] Mr. Russell spells his name with one "l" in the captions of each of the Complaints he has submitted to the Court. Nonetheless, in all attached state documents and in the body of the Complaints he spells his name with two "l's." The Court finds that Allen Russel and Allen Russell are the same person. The Court will refer to Plaintiff as Mr. Russell because the majority of the documents submitted by Plaintiff indicate his name is Allen Russell.

MAGISTRATE DIANE JOHNSON DUPREE,

Defendants.

ORDER OF DISMISSAL

Plaintiff Allen Russell initiated this action by filing a Complaint on June 5, 2008. Magistrate Judge Craig S. Shaffer reviewed the Complaint and entered an order on July 8, 2008, in which he instructed Plaintiff to file an Amended Complaint that is in keeping with Fed. R. Civ. P. 8. Plaintiff also was directed to assert personal participation by each named Defendant and to state with specificity what each named Defendant did to him, when they did it, how their actions harmed him, and what specific legal right they violated. On August 25, 2008, Mr. Russell filed an Amended Complaint.

The Court must construe the Amended Complaint liberally because Mr. Russell is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

In the Amended Complaint, Plaintiff asserts jurisdiction pursuant to 42 U.S.C. §§ 1981 and 1985. He claims that his Fifth and Fourteenth Amendment rights were violated when he was deprived of his due process rights in a Colo. R. Civ. P. 120 proceeding, which resulted in the authorized sale of his property at 2801 Downing Street in Denver, Colorado on October 14, 2007, (Orig. Compl. at Ex. A-3). As background, Mr. Russell asserts that on January 15, 2004, Defendant FC Mortgage Inc. sought an authorized sale of his property pursuant to Rule 120 in Case No. 04CV359

2

and nine months later a trustee's deed was issued. Because FC Mortgage is not the real party of interest Mr. Russell claims that the judgment in Case No. 04CV359 is void. Mr. Russell further asserts that Guaranty Bank fraudulently invoked the state to act without jurisdiction when they request an order authorizing the sale of his property in October 2007, in Case No. 07CV8780, knowing that the foreclosure in Case No. 04CV359 had not been finalized.

Mr. Russell sets forth the following specific claims: (1) that he did not receive a notice of the sale; (2) that the presiding judges over the Rule 120 proceeding and his appeals disregarded his motions and manipulated hearings so that he was unable to present the merits of his cause in state Case Nos. 04CV359 and 07CV8780; (3) that Defendant Guaranty Bank invoked the state court to act without jurisdiction in the Rule 120 proceeding; (4) that he was deprived of his real property without a hearing; and (5) that all Defendants acted fraudulently and conspired to procure his real property. Mr. Russell also claims that Rule 120 is unconstitutional because it does not allow for a direct appeal and allows for the taking of real property before a hearing. Mr. Russell seeks injunctive and declaratory relief, including the return of his real property, and money damages.

Repetitious litigation of virtually identical causes of action may be dismissed as frivolous or malicious. **See Bailey v. Johnson**, 846 F.2d 1019, 1021 (5th Cir. 1988) (per curiam); **Van Meter v. Morgan**, 518 F.2d 366, 368 (8th Cir. 1975) (per curiam). The Court may consult its own records to determine whether a pleading repeats pending or previously litigated claims. **See Duhart v. Carlson**, 469 F.2d 471 (10th Cir. 1972). The Court has examined its records and is satisfied that Mr. Russell's claims

are repetitive of the claims he asserted in *Bailey, et al., v. Sherman and Howard, LLC, et al.*, No. 05-cv-00446-REB-MJW (D. Colo. Jan. 18, 2006) (unpublished), *aff'd Russell v. Sherman and Howard, et al.*, No. 06-1056 (Mar. 15, 2007), and in *Allen, et al., v. Dupree, et al.*, No. 04-cv-02055-MSK-OES (Sept. 26, 2005) (unpublished), *appeal dismissed*, No. 05-1490 (10th Cir. (Colo.) May 4, 2006) (unpublished). Therefore, the instant action must be dismissed.

The Court also notes that in Case No. 05-cv-00446-REB-MJW, District Judge Robert E. Blackburn stated that plaintiffs, including Mr. Allen Russell, have been told by the state court that their claims are barred by both *res judicata* and claim preclusion. He further stated that he and District Judge Marcia S. Krieger have informed Mr. Russell, and his co-plaintiffs, respectively, in Case No. 05-cv-00446-REB-MJW, and in Case No. 04-cv-02055-MSK-OES, that any attempt to seek a *de facto* appeal of a state court's decision in the federal district court is barred by the *Rooker-Feldman* doctrine. Judge Blackburn warned Mr. Russell that any future attempts to continue litigating the facts of the underlying transaction in Case No. 05-cv-00446-REB-MJW may subject him to sanctions and pre-filing restrictions in any future filings he may attempt to submit to a federal court regarding the same underlying transactions. The judgment, as stated above, was affirmed on appeal. *Russell*, No. 06-1056.

In spite of the warnings, Mr. Russell now has presented the same issues to this Court in the instant action. Therefore, the Court will impose the following sanctions that were set forth in *Bailey*, No. 05-cv-00446-REB-MJW, at Doc. No. 68. With respect to the issues raised in the instant action, Plaintiff will be subject to the following prefiling restrictions:

4

(1) That the Clerk of the Court be directed not to accept a complaint or other paper initiating a civil action from Plaintiff, or any alter egos of Plaintiff, unless Plaintiff is represented by an attorney licensed to practice in the State of Colorado and admitted to practice in this Court or unless Plaintiff has first obtained leave of this Court to file the action *pro se* pursuant to the procedure described below;

(2) That as a prerequisite to filing a *pro se* complaint or other initiating document, Plaintiff must tender three documents:

> (a) a petition entitled "Petition Pursuant to Court Order Seeking Leave to File a *Pro Se* Action," attached to which must be a copy of the Order Requiring PreFiling Review;
>
> (b) an affidavit in proper legal form as directed below; and
>
> (c) a copy of the complaint or other paper sought to be filed in this district;

(3) That the Petition Pursuant to Court Order Seeking Leave to File a *Pro Se* Action be required to contain the following information:

> (a) a statement advising the Court whether any defendant to the lawsuit was a party to, or was involved in anyway in any prior lawsuit involving Plaintiff and the claims at issue in the instant action, and if so, in what capacity;
>
> (b) a list of all lawsuits in the United States District Court for the District of Colorado, the United States Court of Appeals for the Tenth Circuit, the United States Supreme Court, and state courts in which Plaintiff was or is a party, stating the name and citation of each case and identifying the jurisdiction, Plaintiff's involvement in each lawsuit, the status of each lawsuit, and its disposition;
>
> (c) a list of all federal or state cases in which a judgment was rendered against Plaintiff, if any, stating the name and citation of each case; the amount of judgment rendered against Plaintiff, if any; the amount of the judgment that remains outstanding; and the reasons why the judgment remains outstanding;
>
> (d) a listing specifically identifying any procedural or monetary sanctions, assessment of attorneys' fees,

contempt orders, or jail sentences arising out of a civil
prosecution imposed against Plaintiff by any court, including
all appellate courts, if any, stating the name and citation of
each case, a brief statement explaining the sanctions,
attorney fees, contempt order, or jail sentence imposed, if
any; the type or amount of sanctions; the outstanding
amount of monetary sanctions or attorneys fees, if any; the
status of the sanctions or contempt orders, if any; and their
disposition;

(4) That the affidavit be required to be in proper legal form and to contain the following recitals:

(a) that the claim or claims Plaintiff wishes to present never before have been raised by him and disposed of by any federal or state court;

(b) that to the best of Plaintiff's knowledge the claim or claims are not frivolous or taken in bad faith, that the claim or claims are well grounded in fact and warranted by existing law or a good faith argument for the extension, modification or reversal of existing law; that the lawsuit is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation (see Fed. R. Civ. P. 11); and

(c) that the claim or claims are not meant to harass any individual entity;

(5) That the tendered complaint or other paper sought to be filed in this district be required to comply with the Order Requiring PreFiling Review, Fed. R. Civ. P. 8, all other provisions contained in the Federal Rules of Civil Procedure, and the Local Rules of Practice for the United States District Court for the District of Colorado;

(6) That the procedure for review of Plaintiff's intended filings would be as follows:

(a) when Plaintiff submits a Petition for Leave to File a *Pro Se* Action pursuant to the Order Requiring PreFiling Review, the Clerk of the Court, or designated deputies, would accept the documents, mark them received, and immediately forward them to a Judicial Officer;

(b) the Judicial Officer could then order (or in the case of a Magistrate Judge, recommend) approval or disapproval of the Petition after considering, without limitation, the following:

> (1) whether Plaintiff has complied with the Order Requiring PreFiling Review in all particulars;
>
> (2) whether Plaintiff's tendered complaint or other paper complies with the Federal Rules of Civil Procedure and Local Rules of Practice;
>
> (3) whether the complaint or other paper is frivolous, abusive, harassing, or malicious;
>
> (4) whether the claims raised in Plaintiff's complaint or other paper have been raised by him and disposed of by any federal or state court;
>
> (5) whether there has been full compliance with Fed. R. Civ. P. 11 and all complaints or other papers and filings are not violative of 28 U.S.C. § 1927;
>
> (6) whether the complaint or other paper alleges claims against individuals or entities that may have immunity from suits; and
>
> (7) such other reasonable requirements established by the Court or Judicial Officer.

(c) that failure to comply with the procedures and principles mandated by the Order Requiring PreFiling Review would be sufficient grounds for denying the petition for leave to file;

(d) that the District Judge may order (or the Magistrate Judge may recommend) disapproval of the Petition upon false recitals in the documents. Upon false recitals in the documents, Plaintiff may be considered in violation of the Order Requiring PreFiling Review, and he may be subject to other orders of the Court, including appropriate sanctions.

(7) That if the Court enters an order granting the Petition, the Clerk of the Court shall cause the complaint or other paper and materials to be filed ***nunc pro tunc*** to the date the documents were tendered.

Accordingly, it is

ORDERED that the Complaint and the action are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as legally frivolous. It is

FURTHER ORDERED that Plaintiff is subject to the prefiling restrictions, as stated above, in any future attempts to continue to litigate in a federal court the facts of the underlying transaction in this action.

DATED at Denver, Colorado, this 3 day of October, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01182-BNB

Allen Russel
PO Box 13158
Denver, CO 80201

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 10/6/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk