IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 29 2009

GREGORY C. LANGHAM
CLERK

Civil Action No. 08-cv-01182-ZLW

ALLEN RUSSELL,

    Plaintiff,

v.

FINANCIAL CAPITAL COMPANIES, FINANCIAL CAPITAL MORTGAGE, INC.,
    LIABLE OFFICERS, OWNERS, EMPLOYEES THEREOF, INCLUDING
    MR. JACK SILVER AND MR. THOMAS LUTES,
THE LAW FIRM OF ROTHGERBER JOHNSON & LYONS, LLP AND LIABLE
OFFICERS, OWNERS AND EMPLOYEES THEREOF, INCLUDING,
    MR. BEN M. OCHOA,
    MS. JACLYN K. CASEY,
    MR. STEPHEN T. JOHNSON,
GUARANTY BANK AND TRUST COMPANY LIABLE OFFICERS,
    OWNERS, EMPLOYEES THEREOF INCLUDING
    MR. ZSOLT K. BESSKO AND
    MRS. KATHLEEN J. BUSBY,
DENVER PUBLIC TRUSTEE, LIABLE OFFICERS, OWNERS, EMPLOYEES,
    THEREOF, INCLUDING
    MRS. STEPHANIE Y. O'MALLEY,
HALAX-WOOD, LLC, AND LIABLE OFFICERS, OWNERS AND EMPLOYEES
    THEREOF, INCLUDING,
    MR. BILLY HALAX,
    MR. MARK SPOONE,
SAMUELSON INVESTMENTS, LLC AND LIABLE OFFICERS, OWNERS AND
    EMPLOYEES THEREOF,
MR. THOMAS LUTES, Individually,
FINANCIAL CAPITAL COMPANIES, FINANCIAL CAPITAL MORTGAGE INC.,
    LIABLE OFFICERS, OWNERS, EMPLOYEES THEREOF,
THE STATE OF COLORADO AND LIABLE OFFICERS, OWNERS AND EMPLOYEES
    THEREOF, INCLUDING
    CHIEF JUDGE LARRY NAVES,
    HON JUDGE R. MICHAEL MULLINS,
    MAGISTRATE JEFFRY ENGLISH, and
    MAGISTRATE DIANE JOHNSON DUPREE,

    Defendants.

## ORDER DENYING MOTION FOR RECUSAL

The matter is before the Court on Plaintiff Allen Russell's Motion to Recuse or Disqualify filed pursuant to 28 U.S.C. § 455. The Court must construe the Motion liberally because Mr. Russell is a *pro se* litigant. See **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).

Mr. Russell asks the Court to recuse itself because the Court is biased against him. In support of his allegation of bias, Mr. Russell asserts that the Court incorrectly dismissed the instant action *sua sponte*.

Although Mr. Russell's Motion to Recuse appears to be untimely, see **Willner v. University of Kansas**, 848 F.2d 1023, 1028 (10th Cir. 1988) (motion untimely when party fails to act promptly after he knows facts for recusal), the Court will refrain from denying the Motion on that basis and will deny the Motion for the following reasons.

Title 28 U.S.C. § 455(a) provides that a judge "shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." The goal of this provision is to avoid even the appearance of partiality. See **Liljeberg v. Health Servs. Acquisition Corp.**, 486 U.S. 847, 860 (1988). Pursuant to § 455, a court is not required to accept all factual allegations as true "and the test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." **Glass v. Pfeffer**, 849 F.2d 1261, 1268 (10th Cir. 1988) (internal quotation marks omitted). "The standard is completely objective" and "[t]he inquiry is limited to

2

outward manifestations and reasonable inferences drawn therefrom." **See United States v. Cooley**, 1 F.3d 985, 993 (10th Cir. 1993).

Mr. Russell's allegation that the Court incorrectly dismissed his action *sua sponte* is not sufficient to demonstrate that disqualification is appropriate pursuant to either 28 U.S.C. 455(a). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." **Liteky v. United States**, 510 U.S. 540, 555 (1994). Therefore, the Motion will be denied. Accordingly, it is

ORDERED that Mr. Russell's Motion to Recuse or Disqualify (Doc. # 29), filed pursuant to 28 U.S.C. § 455, is denied.

DATED at Denver, Colorado, this 29 day of April, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01182-ZLW

Allen Russell
PO Box 13158
Denver, CO 80201

  I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 4/29/09

            GREGORY C. LANGHAM, CLERK

            By: _____
                Deputy Clerk