FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 2 6 2011

GREGORY C. LANGHAM
                    CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01182-ZLW

ALLEN RUSSELL,

    Plaintiff,

v.

FINANCIAL CAPITAL COMPANIES, FINANCIAL CAPITAL MORTGAGE, INC.,
    LIABLE OFFICERS, OWNERS, EMPLOYEES THEREOF, INCLUDING,
    MR. JACK SILVER,
    MR. THOMAS LUTES,
THE LAW FIRM OF ROTHGERBER JOHNSON & LYONS, LLP AND LIABLE
    OFFICERS, OWNERS AND EMPLOYEES THEREOF, INCLUDING,
    MR. BEN M. OCHOA,
    MS. JACLYN K. CASEY,
    MR. STEPHEN T. JOHNSON,
GUARANTY BANK AND TRUST COMPANY LIABLE OFFICERS,
    OWNERS, EMPLOYEES THEREOF INCLUDING,
    MR. ZSOLT K. BESSKO,
    MRS. KATHLEEN J. BUSBY,
DENVER PUBLIC TRUSTEE, LIABLE OFFICERS, OWNERS, EMPLOYEES,
    THEREOF, INCLUDING,
    MRS. STEPHANIE Y. O'MALLEY,
HALAX-WOOD, LLC, AND LIABLE OFFICERS, OWNERS AND EMPLOYEES
    THEREOF, INCLUDING,
    MR. BILLY HALAX,
    MR. MARK SPOONE,
SAMUELSON INVESTMENTS, LLC AND LIABLE OFFICERS, OWNERS AND
    EMPLOYEES THEREOF,
MR. THOMAS LUTES, Individually,
FINANCIAL CAPITAL COMPANIES, FINANCIAL CAPITAL MORTGAGE INC.,
    LIABLE OFFICERS, OWNERS, EMPLOYEES THEREOF,
THE STATE OF COLORADO AND LIABLE OFFICERS, OWNERS AND EMPLOYEES
    THEREOF, INCLUDING,
    CHIEF JUDGE LARRY NAVES,
    HON JUDGE R. MICHAEL MULLINS,
    MAGISTRATE JEFFRY ENGLISH,
    MAGISTRATE DIANE JOHNSON DUPREE,

    Defendants.

ORDER TO DENY FOURTH MOTION TO RECONSIDER

The Court dismissed this action pursuant to 28 U.S.C. § 1915(e)(2)(B(i) as legally frivolous on October 6, 2008, and entered a filing sanction against Plaintiff Allen Russell. Subsequent to the dismissal, Mr. Russell filed a Fed. R. Civ. P. 59(e) Motion to Reconsider and a Motion for Extension of Time to File Notice of Appeal. Both Motions were denied. Mr. Russell then filed an appeal on January 9, 2009. The United States Court of Appeals for the Tenth Circuit denied the appeal for lack of jurisdiction on February 4, 2009, because the appeal was untimely.

On April 7, 2009, Mr. Russell filed a *pro se* pleading titled "Motion to Vacate the Judgments Void Pursuant to Fed. R. Civ. Pro 60(B)(3)(4), and Motion to Amend Pursuant to Fed. R. Civ. Pro. 15 Comtemporeanously [sic] Amended." The Court denied the Rule 60(b) Motion on April 17, 2009. Mr. Russell, on April 27, 2009, filed a Motion titled "Motion Pursuant to F.R.C.P. 59(2) et. seq., New Trial, Altering or Amending a Judgment and Affidivat [sic] and Response and Opposition Contemporaneously Filed," that was construed as a Fed. R. Civ. P. 60(b) Motion to Reconsider and was denied on May 8, 2009. Mr. Russell also filed a motion to recuse or disqualify the judge presiding over his cases that was denied on April 29, 2009. Mr. Russell then filed a notice of appeal regarding the denial of the April 7 and April 27 motions to reconsider and the motion for recusal. Mr. Russell now has filed a pleading titled "Plaintiff's Motion to Vacate the Judgment Pursuant to Rule 60(b)(4)(6) (FRCP),

and Motion for Appointment of Counsel Pursuant to 28 U.S.C. § 1915(d), and, or, Alternatively Second Motion for Leave to Amend the Complaint."

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). *See id.* at 1243. Mr. Russell's Motion, which was filed more than ten days after the Order of Dismissal and the Judgment were entered, will be construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).

Upon consideration of the latest Motion to Reconsider and the entire file, the Court finds that Mr. Russell fails to demonstrate the existence of any extraordinary circumstances that would justify a decision to reconsider and vacate the order dismissing this action. To the extent Mr. Russell challenges the sanction that was entered against him in this action his claims are without merit.

"[T]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) (citations omitted) (per curiam) (quoted in *Sieverding v. Colorado Bar Ass'n,* 469 F.3d 1340, 1343 (10th Cir. 2006)). Federal courts have the inherent power under 28 U.S.C. § 1651(a) to

3

regulate the activities of abusive litigants by entering orders that are "necessary or appropriate in aid of [the Court's] jurisdiction." *See Winslow v. Hunter (In re Winslow),* 17 F.3d 314, 315 (10th Cir. 1994) (per curiam); *Tripati,* 878 F.2d at 352. "There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances," *Cotner v. Hopkins,* 795 F.2d 900, 902 (10th Cir. 1986), and "where, as here, a party has engaged in a pattern of litigation activity which is manifestly abusive, restrictions are appropriate," *In re Winslow,* 17 F.3d at 315.

The Court may, in its discretion, place reasonable restrictions on any litigant who files non-meritorious actions for obviously malicious purposes and who generally abuses judicial process. *Phillips v. Carey,* 638 F.2d 207, 209 (10th Cir. 1981). These restrictions may be directed to provide limitations or conditions on the filing of future suits. *Id.* Injunctions restricting further filings are appropriate where (1) the litigant's lengthy and abusive history is set forth; (2) the court provides guidelines as to what the litigant may do to obtain its permission to file an action; and (3) the litigant receives notice and an opportunity to oppose the court's order before it is implemented. *Tripati,* 878 F.2d at 353-54.

Contrary to Mr. Russell's arguments, he was given an opportunity to respond to the specifics of the filings restrictions. In *Bailey, et al., v. Sherman and Howard, LLC, et al.,* No. 05-cv-00446-REB-MJW at Doc. No. 68 (D. Colo. Jan. 18, 2006), the magistrate judge presented the proposed filing restrictions in a report and recommendation and provided Mr. Russell with the opportunity to object to the restrictions. Mr. Russell

submitted an objection to the report and recommendation, and the district judge considered the objection and determined that:

> Plaintiffs have been told plainly by the state court that their claims are barred by both *res judicata* and claim preclusion. (*See* Motion for Sanctions App., Exh. G.) They have now been informed by both Judge Krieger and me that any attempt to seek a *de facto* appeal of a state court's decision in the federal district court will not be countenanced pursuant to the mandates of the *Rooker-Feldman* doctrine. Plaintiffs are hereby advised in the strongest possible terms that any future attempts to continue litigating the facts of the underlying transaction in this lawsuit in federal court may well subject them to an order requiring pre-filing review of the type advocated by the magistrate judge in his recommendation and to condign sanctions.

*Bailey*, No. 05-cv-00446-REB-MJW at Doc. No. 75.

In the October 6 Order of Dismissal, two previous cases were identified that Mr. Russell had filed regarding the violation of his constitutional rights in a Colo. R. Civ. P. 120 proceeding. Mr. Russell also was party to a third case, *Allen, et al., v. Dupree, et al.*, No. 04-cv-02055-MSK-OES (D. Colo. Sept, 26, 2005), which raised the same state court Rule 120 issue and was denied for lack of subject matter jurisdiction. In each of the three cases, Mr. Russell filed prior to this case, he was instructed that his claims were barred under the *Rooker-Feldman* Doctrine. Yet, Mr. Russell filed this action. Mr. Russell's abusive litigation is well documented.

Third, Mr. Russell misstates the breadth of his filing restrictions. As stated in the October 3, 2008 Order of Dismissal, Mr. Russell is "subject to the prefiling restrictions . . . in any future attempts to continue to litigate in a federal court the facts of the underlying transaction in this action." Doc. No. 45 at 8. Mr. Russell's restriction is a carefully tailored restriction under the appropriate circumstances.

5

Finally, Mr. Russell mistakenly contends that this action was dismissed as being substantively frivolous. The Court did not dismiss the action as substantively frivolous. This case was dismissed as repetitious litigation. Repetitious litigation of virtually identical causes of action may be dismissed as frivolous or malicious. See *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (per curiam); *Van Meter v. Morgan*, 518 F.2d 366, 368 (8th Cir. 1975) (per curiam).

The Court finds that Mr. Russell has failed to assert any extraordinary circumstances that would merit relief under Rule 60(b). Accordingly, it is

ORDERED that the April 18, 2011 Motion to Reconsider, Doc. No. 45, is denied. It is

FURTHER ORDERED that the Motion for Appointment of Counsel and the Motion for Leave to Amend , also Doc. No. 45, are denied as moot.

DATED at Denver, Colorado, this __26th__ day of __April__, 2011.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01182-ZLW

Allen Russel
PO Box 13158
Denver, CO 80201

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on April 26, 2011.

                                        GREGORY C. LANGHAM, CLERK

                                        By: _____
                                                  Deputy Clerk